## UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

| | |
|---|---|
| Timothy G. Whiteagle,<br><br>　　　　　　Petitioner,<br><br>v.<br><br>Warden, Duluth Federal Prison Camp,<br><br>　　　　　　Respondent. | Case No. 15-cv-2460 (JRT/HB)<br><br><br>**REPORT AND RECOMMENDATION** |

HILDY BOWBEER, United States Magistrate Judge

　　Petitioner Timothy G. Whiteagle, a prisoner at the Federal Prison Camp in Duluth, Minnesota, has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241. In his habeas, Whiteagle challenges the validity of a federal conviction and sentence incurred in the United States District Court for the Western District of Wisconsin. This Court, however, lacks jurisdiction to consider Whiteagle's habeas petition, as his challenge should have been brought in a motion under 28 U.S.C. § 2255 in the district of conviction.

　　"A federal inmate generally must challenge a conviction or sentence through a § 2255 motion." *Lopez-Lopez v. Sanders*, 590 F.3d 905, 907 (8th Cir. 2010) (citation omitted). Therefore, "[i]t is well settled a collateral challenge to a federal conviction or sentence must generally be raised in a motion to vacate filed in the sentencing court under § 2255 . . . and not in a habeas petition filed in the court of incarceration . . . under § 2241." *Hill v. Morrison*, 349 F.3d 1089, 1091 (8th Cir. 2003). Federal district courts

lack jurisdiction to hear a federal prisoner's collateral challenge to his original conviction or sentence brought in a habeas petition unless the prisoner demonstrates that the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention.  *See* 28 U.S.C. § 2255(e) ("An application for a writ of habeas corpus [on] behalf of a [federal] prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); *DeSimone v. Lacy*, 805 F.2d 321, 323 (8th Cir. 1986) (per curiam).  The "inadequate or ineffective remedy" exception is sometimes called the "savings clause," *see Abdullah v. Hedrick*, 392 F.3d 957, 959 (8th Cir. 2004), because, when it applies, it can "save" a habeas petition from being dismissed under the § 2255(e) exclusive-remedy rule.

Whiteagle argues in his habeas petition that his conviction is invalid for several reasons.  It does not appear, however, that anything currently precludes Whiteagle from raising these arguments through a motion under § 2255 in the Western District of Wisconsin.  Whiteagle has not previously filed a motion under § 2255, and so he is not subject to the restrictions on second or successive motions under that statute.  *See* 28 U.S.C. § 2255(h).  Moreover, Whiteagle is still within the one-year limitations period to bring a claim challenging his conviction.  *See* 28 U.S.C. § 2255(f).  And none of the challenges raised by Whiteagle are cognizable only on habeas review; indeed, it is overwhelmingly likely that Whiteagle *must* seek relief under § 2255 and may not avail

himself of habeas relief, due to the operation of the exclusive-remedy rule. *See* 28 U.S.C. § 2255(e).

In short, there is nothing in the record indicating that § 2255 is "inadequate or ineffective to test the legality" of Whiteagle's detention in this case. *Id*. This Court therefore recommends that this matter be transferred to the Western District of Wisconsin, so that the arguments presented by Whiteagle in his habeas petition may be considered by that court in accordance with § 2255.

Accordingly, based on all the files, records, and proceedings herein **IT IS HEREBY RECOMMENDED** that this matter be **TRANSFERRED** to the United States District Court for the Western District of Wisconsin.

Dated:  June 2, 2015               s/  *Hildy Bowbeer*
                                   HILDY BOWBEER
                                   United States Magistrate Judge

## NOTICE

Under D. Minn. LR 72.2(b) any party may object to this Report and Recommendation by filing with the Clerk of Court, and serving all parties by **June 19, 2015**, a writing which specifically identifies those portions of this Report to which objections are made and the basis of those objections.  Failure to comply with this procedure may operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals.  A party may respond to the objecting party's brief within fourteen days after service thereof.  All briefs filed under this rule shall be limited to 3500 words.  A district judge shall make a de novo determination of those portions of the Report to which objection is made.  This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable directly to the Eighth Circuit Court of Appeals.